[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence January 28, 1997 Date of Application February 14, 1997 Date Application Filed February 18, 1997 Date of Decision June 24, 1997
Application for review of sentence imposed by the Superior Court, Judicial District of Danbury.
Paul Thomas, Esq., Defense Counsel, for Petitioner. CT Page 8054
David Holzbach, Esq., Assistant State's Attorney, for the State.
Sentence Affirmed.
BY THE DIVISION:
The then 22 year old petitioner, after pleading guilty to conspiracy to commit burglary, 2nd degree, in violation of §53a-102 and conspiracy to commit larceny, 2nd degree, in violation of § 53a-123, was sentenced to concurrent terms of 10 years, execution suspended after 3 years, with a 5 year term of probation, for a total effective sentence of 10 years execution suspended after 3 years (followed by the probationary term).
On April 16, 1994, at approximately 2:15 a.m., the petitioner, who is the daughter of the victim, along with a male companion, drove to the victims home in West Redding. The male companion and subsequent co-defendant, broke into the home, and armed with an Uzi type weapon, woke the victim, and after threatening him, took cash, watches and other items of personal property. The two perpetrators then returned to New York City where they sold some of the stolen items. Several days later they committed a robbery in New York City and were apprehended there.
The petitioner testified against the co-defendant, who was convicted and sentenced to a 35 year term.
For her cooperation, the state reduced the charges and the sentencing court was fully apprised of her cooperation.
Petitioner's attorney asks the Division to reduce the incarcerative portion of her sentence from 3 years to 2 years because a 2 year sentence gives the Commissioner of Corrections discretion to release her to a transitional program while a longer sentence precludes that from taking place. He stresses her lack of record, her youth, and her prospects for a successful rehabilitation. CT Page 8055
The sentencing court, noting the seriousness of the crime against the positive factors alluded to, determined the sentence imposed was appropriate. The Division does not find it to be unfair, unreasonable or disproportionate.
There was evidence that the petitioner planned the burglary. She knew the co-defendant was armed with a loaded weapon and the victim was terrorized by the middle of the night robbery. The sentencing court gave all due consideration to her remorse and rehabilitative efforts. No serious argument could be made otherwise.
Reviewing this sentence pursuant to § 942 of the Practice Book, the Division orders it be affirmed.
Purtill, Klaczak and Norko, J.s, participated in this decision.